# Supreme Court of Florida

———————

No. SC2023-0005

———————

**IN RE: AMENDMENTS TO FLORIDA RULES OF CIVIL PROCEDURE FOR INVOLUNTARY COMMITMENT OF SEXUALLY VIOLENT PREDATORS.**

August 31, 2023
**<u>CORRECTED OPINION</u>**

PER CURIAM.

The Supreme Court Criminal Court Steering Committee filed a report proposing amendments to the Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators.[1]  The Committee unanimously approved the proposed amendments and published the proposal for comment prior to filing it with the Court.  No comments were received.  After the Committee filed its report, the Court published the proposal for comment, and no comments were received.

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

The Court hereby adopts the amendments as proposed by the Committee with slight modification. The amendments are generally grammatical in nature and involve reflecting the name change from the Florida Rules of Judicial Administration to the Florida Rules of General Practice and Judicial Administration, adding titles for subdivisions that currently are lacking titles, providing consistency with other court rules and the Guidelines for Rules Submissions, and streamlining existing verbiage.

Accordingly, we amend the Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Judge Joseph A. Bulone, Chair, Criminal Court Steering Committee, Clearwater, Florida, and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 4.010. SCOPE AND TITLE OF RULES

These rules ~~shall~~ apply to all civil actions filed in the circuit courts of the State of Florida pursuant to part V, chapter 394, Florida Statutes. These rules ~~shall be~~are known as the Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators and abbreviated as Fla. R. Civ. P. – S.V.P.

## RULE 4.040. PARTIES

The State of Florida ~~shall be~~is the petitioner in actions brought under these rules. Any person ~~who is~~ alleged to be a sexually violent predator ~~shall be~~is designated as the respondent.

## RULE 4.060. VENUE AND TRANSFERS OF ACTIONS

Venue for bringing a petition under Part V, chapter 394, Florida Statutes, ~~shall~~must be (1) in the county where the respondent was last charged and convicted of a qualifying offense; (2) if the person has never been convicted of a qualifying offense in this state but has been convicted of such an offense in another state or in federal court, in the county where the person was last convicted of any offense in this state; or (3) if the person is being confined in this state pursuant to interstate compact and has a prior or current conviction for a sexually violent offense, in the county where the person plans to reside upon release or, if no residence in this state is planned, in the county where the facility from which the person to be released is located. If ~~it should appear at any time that~~ the action is pending in the wrong county, it may be transferred by motion of any party or on motion by the court.

# RULE 4.070.   PROCESS

(a)   **Issuance.** The clerk of the court ~~shall~~must issue a summons, a copy of the petition, any accompanying affidavits, and a copy of the order finding probable cause to the respondent upon receipt of an order finding probable cause signed by a circuit judge. The summons ~~shall~~must direct the respondent to file an answer to the petition within ten days after the date of service. The state attorney ~~shall~~must serve a copy of the petition and related documents upon the attorney appointed to represent the respondent pursuant to rule 4.080. The finding of probable cause ~~shall~~is not ~~become~~ effective until the summons is returned served and filed with the clerk of the court.

(b)   **Service; By Whom Made.** The state attorney ~~shall~~must electronically transmit a copy of the summons, petition, any accompanying affidavits, and the order finding probable cause to the person in charge of the facility in which the respondent is confined. The person in charge of the facility ~~shall~~must serve a printed copy of the summons, the petition, any accompanying affidavits, and order finding probable cause on the respondent within 24 hours after receiving it and before the respondent is transferred to a secure facility. The person in charge of the facility in which the respondent is confined ~~shall~~must make a return on the summons within 24 hours after making service, by electronically confirming to the state attorney that service has been made. The state attorney ~~shall~~must file a ~~printed~~ copy of the return with the clerk, along with the summons, on the first business day after receiving it. Additional process may be issued as in other civil actions.

# RULE 4.080.   SERVICE AND FILING OF PLEADINGS, PAPERS, AND DOCUMENTS

(a)   **Service; When Required.** Unless the court otherwise orders, every pleading subsequent to the initial pleading and every other document filed in the action, except applications for a witness subpoena, ~~shall~~must be served on the opposing party.

**(b)    Service of Subsequent Pleadings Other Than Original Petition; How Made.** When service is required or permitted to be made upon a party represented by an attorney, service ~~shall~~<u>must</u> be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party ~~shall~~<u>must</u> be as required by Fla. R. <u>Gen. Prac. &</u> Jud. Admin. 2.516.

**(c)    Filing.** All documents that are "court records" as defined in the Florida Rules of <u>General Practice and</u> Judicial Administration must be filed with the clerk in accordance with Fla. R. <u>Gen. Prac. &</u> Jud. Admin. 2.520 and 2.525.

**(d)    Deposit with the Clerk.** Any paper document that is a judgment or required by statute or rule to be sworn to or notarized ~~shall~~<u>must</u> be filed and deposited with the clerk immediately thereafter. The clerk ~~shall~~<u>must</u> maintain deposited original paper documents in accordance with Fla. R. <u>Gen. Prac. &</u> Jud. Admin. 2.430, unless otherwise ordered by the court.

## RULE 4.090.    TIME

**(a)    Computation.** Computation of time ~~shall be~~<u>is</u> governed by Florida Rule of <u>General Practice and</u> Judicial Administration 2.514.

**(b)    [NO CHANGE]**

## RULE 4.100.    PLEADINGS AND MOTIONS

**(a)    Pleadings.** There ~~shall~~<u>must</u> be a petition and an answer to it. The answer ~~shall~~<u>must</u> set forth any affirmative defense to the petition, including the failure of the petition to state a cause of action. No other pleadings ~~shall be~~<u>are</u> allowed. All pleadings ~~shall~~<u>must</u> comply with the rules governing pleadings in other civil actions. (Rules 1.100 and 1.110, Fla. R. Civ. P.)

**(b)     Motions.** An application to the court for an order shall̶must be by motion which shall̶must be made in writing unless made during a hearing or trial, shall̶must state with particularity the grounds therefor, and shall̶must set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion. All notices of hearing shall̶must specify each motion or other matter to be heard.

**(c)     Caption.** Every pleading, motion, order, judgment, or other document shall̶must have a caption containing the name of the court, the uniform case number, the name of the party on each side, and a designation identifying the party filing it and its nature or the nature of the order, as the case may be. All documents filed in the action s̶h̶a̶l̶l̶ ̶b̶e̶ ̶s̶t̶y̶l̶e̶d̶ ̶i̶n̶ ̶s̶u̶c̶h̶ ̶a̶ ̶m̶a̶n̶n̶e̶r̶ ̶a̶s̶ ̶t̶o̶must clearly indicate c̶l̶e̶a̶r̶l̶y̶ the subject matter o̶f̶ ̶t̶h̶e̶ ̶p̶a̶p̶e̶r̶ and the party requesting or obtaining relief.

# RULE 4.110.     MOTIONS

**(a)     Motion for Summary Judgment.** After the pleadings and discovery are closed, but within such time as not to delay the trial, any party may move for summary judgment. Summary judgment practice s̶h̶a̶l̶l̶ ̶b̶eis governed by Fla. R. Civ. P. 1.510.

**(b)     Motions to Dismiss**. Motions directed to the sufficiency of the petition shall̶must be contained in the answer as an affirmative defense.

**(c)     Motion for More Definite Statement.** A respondent may file a motion for a more definite statement which shall̶must be considered a motion for a statement of particulars in response to the original petition. The motion shall̶must disclose the defects in the petition.

**RULE 4.200.    APPOINTMENT OF COUNSEL**

   **(a)    Appointment of Attorney.** The presiding judge ~~shall~~must appoint an attorney to represent the respondent at the time an order finding probable cause is entered. The appointment ~~shall~~ continue~~s~~ until the court determines whether the respondent is not entitled to court appointed counsel, private counsel represents the respondent, or the respondent waives the right to counsel. ~~Stand-by counsel may be appointed if the respondent waives the right to counsel.~~

   **(b)    Waiver of Counsel.** The court ~~shall~~must conduct a~~n~~ ~~thorough~~ inquiry as set forth in *Faretta v. California*, 422 U.S. 4~~8~~06 (1975), in the event the respondent <u>unequivocally</u> requests self-representation, and ~~shall~~may consider appointment of stand-by counsel if the respondent proceeds unrepresented.

**RULE 4.220.    ADVERSARIAL PROBABLE CAUSE HEARING**

   **(a)    Time; Waiver.** An adversarial probable cause hearing ~~shall~~must be held, within 5 days after service of a demand upon the petitioner, if the court determines that the failure to begin a trial in accordance with the time provided in rule 4.240(a) is not the result of any delay caused by the respondent and the time limitation to begin the hearing has not been waived. The respondent may waive the adversarial probable cause hearing in writing or on the record in open court.

   **(b)    If Respondent in Department of Children and Family Services Custody.** An adversarial probable cause hearing ~~shall~~must be held, within 5 days after service of a demand upon the petitioner, if the respondent's incarcerative sentence has expired and the respondent has been transferred to the custody of the Department of Children and Family Services.

   **(c)    Probable Cause.** The court ~~shall~~must receive evidence, hear argument of the attorneys, and determine whether probable

cause exists to believe that the person is a sexually violent predator at the adversarial probable cause hearing.

**(d)** **Rights of Respondent.** At the adversarial probable cause hearing, the respondent has the right to:

(1) – (4)     [NO CHANGE]

**(e)** **If No Probable Cause.** The court ~~shall~~must issue an Order of No Probable Cause and release the respondent from custody if the evidence does not establish probable cause to believe the respondent is a sexually violent predator.

**RULE 4.240.** **TRIAL PROCEEDINGS AFTER FINDING OF PROBABLE CAUSE; ~~5 DAY STATUS HEARING; DETERMINATION OF COUNSEL FOR THE RESPONDENT; WAIVER OF TIME LIMITATIONS~~**

**(a)** **5 Day Status Hearing; Time for Trial; Waiver of Time.** The court ~~shall~~must conduct a status hearing within 5 days after the summons is served. At the hearing, the court ~~shall~~must determine if the respondent is entitled to court appointed counsel~~,~~ and must appoint counsel if the respondent qualifies for and requests ~~it~~counsel. The respondent ~~shall~~must be given a reasonable time to obtain private counsel if time is requested for that purpose. A *Faretta* inquiry ~~shall~~must be conducted if the respondent unequivocally elects self-representation. The trial to determine if the respondent is a sexually violent predator ~~shall~~must be commenced within 30 days after the summons has been returned served and filed with the clerk of the court, unless the respondent waives the 30-day time period in writing, with a copy to the assigned judge, or on the record in open court. The court ~~shall~~must set a trial date not less than 90 days after the date of the waiver of the 30-day period. Further continuances ~~shall~~will be allowed only on good cause shown. A future trial date ~~shall~~must be set if a further continuance is allowed.

**(b)** **Non-Jury or Jury Trial.** The trial ~~shall~~will be ~~to the court without a jury~~a non-jury trial unless ~~the state attorney or the~~

~~respondent~~either party files a demand for jury trial in accordance with rule 4.430.

**(c)     Burden of Persuasion.** The burden of proof ~~for the judge or jury~~ to determine if the respondent is a sexually violent predator is clear and convincing evidence.

**(d)     Unanimity.** The court ~~shall~~must enter final judgment for the petitioner if ~~the~~a jury unanimously finds the respondent to be a sexually violent predator.

**(e)     Hung Jury; Time for Re-trial.** The court ~~shall~~must declare a mistrial if the jury cannot reach a unanimous verdict. The court ~~shall~~must poll the jury before it is discharged to determine if at least four jurors would have found the respondent to be a sexually violent predator.

(1)     A re-trial ~~shall~~must be scheduled if at least four jurors would have found the respondent to be a sexually violent predator. The re-trial on the petition must commence within 90 days after the date of the mistrial, unless the case is continued at the request of the respondent for good cause. The court ~~shall~~must enter final judgment for the respondent if the re-trial is not commenced within 90 days from the date of the mistrial unless the respondent has waived the time limit by receiving a continuance.

(2)     If three or more jurors do not find ~~that~~ the respondent is a sexually violent predator, the court ~~shall~~must enter a final judgment in favor of the respondent.

## RULE 4.260.   CONTINUANCE OF TRIAL

A motion for continuance by either party ~~shall~~must be in writing unless made in a hearing in open court and ~~shall~~must be signed by the party or attorney requesting the continuance. The motion ~~shall~~must state ~~all of~~ the facts that the movant contends entitles the movant to a continuance. If a continuance is sought on the ground of non-availability of a witness, the motion must

~~show~~state when the witness will be available. The trial may be continued once upon the request of either party for not more than 120 days upon a showing of good cause, or by the court on its own motion in the interests of justice, when ~~the person~~neither party will ~~not~~ be substantially prejudiced. No additional continuances may be granted unless the court finds that a manifest injustice would otherwise occur. Continuances should ~~only~~ be ordered only upon a showing of good cause. A motion for continuance on behalf of the respondent ~~shall~~must state ~~that~~ the respondent has been advised of all consequences of the request and of any rights waived by the motion.

**RULE 4.280.    GENERAL PROVISIONS GOVERNING DISCOVERY**

**(a)**    [NO CHANGE]

**(b)    Scope of Discovery.**   Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

**(1)**    [NO CHANGE]

**(2)    Trial Preparation: Materials.** Subject to the provisions of subdivision (b)(1) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation for trial only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court ~~shall~~must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

**(3)    Trial Preparation.**

(A)     (i)     The state attorney bringing the action shallmust disclose the names and addresses of all witnesses to be called by the petitioner to testify at trial at the time of the filing of the petition. The respondent shallmust disclose the names and addresses of all witnesses to be called by the respondent at trial at the time of filing the answer to the petition. The list of witnesses may be amended without leave of court until ten days prior to trial. Thereafter, the witness lists may be amended by leave of court.

(ii)     The witness list shallmust include the names and addresses of expert witnesses. A copy of all reports made by experts shallmust be disclosed as soon as they are received. An expert may be required to produce financial and business records only under the most unusual or compelling circumstances and may not be compelled to compile or produce nonexistent documents. Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and other provisions pursuant to subdivision (b)(1) of this rule concerning fees and expenses as the court may deem appropriate.

(iii)     The state attorney shallmust provide the respondent with copies of case reports, depositions, witness statements and other records regarding the respondent's prior criminal history and confinement, and any other document or material reviewed and relied upon by the multidisciplinary team in evaluating the respondent, within ten days after the summons has been returned served and filed with the clerk of the court.

(B)     [NO CHANGE]

(C)     Expert witnesses shallmust be paid a reasonable fee for time spent responding to discovery under subdivision (b)(3)(A) and (b)(3)(B) of this rule unless a manifest injustice would result. Respondents who are not indigent may be required to pay for discovery obtained under (b)(3)(A) and shallmust be responsible for discovery obtained under (b)(3)(B). The state attorney and indigent respondents shallmust apply for compensation for experts in the manner prescribed by law.

**(4) Claims of Privilege or Protection of Trial Preparation Materials.** When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party ~~shall~~must make the claim expressly and ~~shall~~must describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. Attorney work product claims and preparation for trial privilege claims ~~shall~~must be allowed.

**(c)** [NO CHANGE]

**(d) Sequence and Timing of Discovery.** Except as provided in subdivision (b)(1) or unless the court upon motion for the convenience of parties and witnesses and in the interest of justice orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, ~~shall~~must not delay any other party's discovery.

**(e) Supplementing of Responses.** A party who has responded to a request for discovery with a response that was complete when made is under a continuing duty to supplement the response to include information thereafter acquired. This provision ~~shall apply~~applies to the reciprocal discovery obligation of the petitioner and the respondent to reveal witnesses' names and addresses on a continuing basis. The court ~~shall~~must inquire into all claims of failure to disclose and rule appropriately as to duties to disclose and as to sanctions.

## RULE 4.310.  DEPOSITIONS UPON ORAL EXAMINATION

**(a) When Depositions May Be Taken.** Any party may take the testimony of any person, including the respondent, by deposition upon oral examination after the action is commenced. The attendance of witnesses may be compelled by subpoena as

provided in Fla. R. Civ. P. 1.410. Unless a provision of this rule conflicts with the Florida Rules of Civil Procedure, the procedure for taking the deposition ~~shall be~~is the same as that provided in the Florida Rules of Civil Procedure. The deposition of a person in custody, except the respondent, may be taken only by leave of court on such terms as the court prescribes.

**(b)** [NO CHANGE]

**(c)** **Examination and Cross-Examination; Record of Examination; Oath; Objections.** Examination and cross-examination of witnesses may proceed as permitted at trial. The officer before whom the deposition is to be taken ~~shall~~must put the witness on oath and ~~shall~~must personally, or by someone acting under the officer's direction, and in the officer's presence, record the testimony of the witness, except that when a deposition is taken by telephone, the witness ~~shall~~must be sworn by a person present with the witness who is qualified to administer the oath in that location. The testimony ~~shall~~must be taken stenographically or recorded by any means ordered in accordance with subdivision (b). If requested by one of the parties, the testimony ~~shall~~must be transcribed at the initial cost of the requesting party and prompt notice of the request ~~shall~~must be given to all other parties. All objections made at the time of the examination to the qualifications of the officer taking the deposition, the manner of taking it, the evidence presented, or the conduct of any party, and any other objection to the proceedings ~~shall~~must be noted by the officer upon the deposition. Any objection during a deposition ~~shall~~must be stated concisely and in a non-argumentative and non-suggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under subdivision (d). Otherwise, evidence objected to ~~shall~~must be taken subject to the objections.

**(d)** **Motion to Terminate or Limit Examination.** At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, or that

objection and instruction to a deponent not to answer are being made in violation of rule 4.310(c), the court in which the action is pending or the circuit court where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition or may limit the scope and manner of the taking of the deposition under rule 4.280(c). If the order terminates the examination, it ~~shall~~must be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of any party or the deponent, the taking of the deposition ~~shall~~must be suspended for the time necessary to make a motion for an order.

**(e)** **Witness Review.** A transcript of the testimony ~~shall~~must be furnished to the witness for examination and ~~shall~~must be read to or by the witness unless the witness cannot be found or the examination and reading are waived by the witness and the parties. Any changes in form or substance that the witness wants to make ~~shall~~must be listed in writing by the officer with a statement of the reasons given by the witness for making the changes. The changes ~~shall~~must be attached to the transcript. It ~~shall~~must then be signed by the witness unless the parties waived the signing or the witness refuses to sign. Transcripts that are not signed by the witness after being made available for a reasonable time ~~shall~~must be signed by the officer, who ~~shall~~must state on the transcript the reason why the witness did not sign it, such as waiver, illness, absence, or refusal to sign. The deposition may then be used as fully as though signed unless a motion to suppress the deposition, or part of it, is made with reasonable promptness after the defect is, or with due diligence might have been, discovered and the court holds that the reasons given for the refusal to sign require rejection of the deposition wholly or partly.

**(f)** **Filing; Exhibits.**

(1) If the deposition is transcribed, the officer ~~shall~~must certify on each copy of the deposition that the witness was duly sworn by the officer and that the deposition is a true record of the testimony given by the witness. Documents and things produced for inspection during the deposition ~~shall~~must be marked for

identification and annexed to and returned with the deposition upon the request of a party, and may be inspected and copied by any party except that the person producing the materials may substitute copies to be marked for identification if that person affords to all parties fair opportunity to verify the copies by comparison with the originals. If the person producing the materials requests their return, the officer ~~shall~~must mark them, give each party an opportunity to inspect and copy them, and return them to the person producing them and the materials may then be used in the same manner as if annexed to and returned with the deposition.

(2)     The officer ~~shall~~must furnish a copy of the deposition to any party, or to the deponent, upon payment of reasonable charges. The cost of transcripts ordered by the state attorney or an indigent respondent ~~shall~~must be paid in the manner prescribed by law.

(3)     A copy of a deposition may be filed only under the following circumstances:

(A)     It may be filed by a party or the witness when the contents of the deposition must be considered by the court on any matter pending before the court. Prompt notice of the filing on the deposition ~~shall~~must be given to all parties unless notice is waived. A party filing the deposition ~~shall~~must furnish a copy of the deposition or the part being filed to other parties unless the party already has a copy.

(B)     [NO CHANGE]

**(g)     Obtaining Copies.** A party or witness who does not have a copy of the deposition may obtain it from the officer taking the deposition unless the court orders otherwise. If the deposition is obtained from a person other than the officer, the reasonable cost of reproducing the copies ~~shall~~must be paid to the person by the requesting party or witness.

**RULE 4.330.   USE OF DEPOSITION IN COURT PROCEEDINGS**

**(a)**   [NO CHANGE]

**(b)**   [NO CHANGE]

**(c)   Effect of Taking or Using Depositions.** A party does not make a person the party's own witness for any purpose by taking the person's deposition. The introduction in evidence of the deposition or any part of it for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition, but this ~~shall~~does not apply to the use by an adverse party of a deposition under subdivision (a) of this rule. At the trial or hearing, any party may rebut any relevant evidence contained in a deposition whether introduced by that party or by any other party.

**(d)**   [NO CHANGE]

**RULE 4.380.   FAILURE TO MAKE DISCOVERY; SANCTIONS**

**(a)   Motion for Order Compelling Discovery.** A party may apply for an order compelling discovery upon reasonable notice to the other party and all persons affected, as follows:

**(1)**   [NO CHANGE]

**(2)   Evasive or Incomplete Answer.** For purposes of this subdivision, an evasive or incomplete answer ~~shall~~must be treated as a failure to answer.

**(b)**   [NO CHANGE]

**RULE 4.390.   DEPOSITIONS OF EXPERT WITNESSES**

**(a) – (b)**   [NO CHANGE]

**(c)** **Fee.** An expert or skilled witness whose deposition is taken ~~shall be~~is allowed a witness fee in such reasonable amount as the court may determine. The court ~~shall~~must also determine a reasonable time within which payment must be made, if the deponent and party cannot agree. All parties and the deponent ~~shall~~must be served with notice of any hearing to determine the fee.

**(d)** **Applicability.** Nothing in this rule ~~shall~~ prevents the taking of any deposition as otherwise provided by law.

## RULE 4.410.  SUBPOENA

**(a)**  [NO CHANGE]

**(b)** **Subpoena for Testimony before the Court.** Every subpoena for testimony before the court ~~shall~~must be issued by an attorney of record in an action or by the clerk under the seal of the court and ~~shall~~must state the name of the court and the title of the action and ~~shall~~must command each person to whom it is directed to attend and give testimony at a time and place specified in it. On oral request of an attorney or party and without praecipe, the clerk ~~shall~~must issue a subpoena for testimony before the court or a subpoena for the production of documentary evidence before the court signed and sealed but otherwise in blank, both as to the title of the action and the name of the person to whom it is directed, and the subpoena ~~shall~~must be filled in before service by the attorney or party.

**(c)** **For Production of Documentary Evidence.** A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein, but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may:

(1)  [NO CHANGE]

(2)     condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things. A party seeking production of evidence at trial which would be subject to a subpoena may compel such production by serving a notice to produce such evidence on an adverse party as provided in rule 4.070(b). Such notice shall havehas the same effect and beis subject to the same limitations as a subpoena served on the party.

**(d)     Service.** A subpoena may be served by any person authorized by law to serve process or by any other person who is not a party and who is not less than 18 years of age. Service of a subpoena upon a person named therein shallmust be made as provided by law. Proof of such service shallmust be made by affidavit of the person making service if not served by an officer authorized by law to do so.

**(e)     Subpoena for Taking Depositions.**

(1)     Filing a notice to take a deposition as provided in rule 4.310(b) with a certificate of service on it showing service on all parties to the action constitutes an authorization for the issuance of subpoenas for the persons named or described in the notice by the clerk of the court in which the action is pending or by an attorney of record in the action. The subpoena may command the person to whom it is directed to produce designated books, papers, documents, or tangible things that constitute or contain evidence relating to any of the matters within the scope of the examination permitted by rule 4.280(b), but in that event, the subpoena will be subject to the provisions of rule 4.280(c) and subdivision (c) of this rule. Within 10 days after its service, or on or before the time specified in the subpoena for compliance if the time is less than 10 days after service, the person to whom the subpoena is directed may serve written objection to inspection or copying of any of the designated materials. If objection is made, the party serving the subpoena shallis not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. If objection has been made, the party serving the

subpoena may move for an order at any time before or during the taking of the deposition upon notice to the deponent.

        (2)    [NO CHANGE]

    **(f)**    [NO CHANGE]

    **(g)**    **Subpoena of Minor.** Any minor subpoenaed for testimony ~~shall have~~has the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.

## RULE 4.430.   DEMAND FOR JURY TRIAL; WAIVER

    **(a)**    **Right Preserved.** The right of trial by jury as declared by the constitution or by statute ~~shall~~must be preserved to the parties inviolate.

    **(b)**    **Waiver of Jury Trial; Demand.** The trial ~~shall~~must be before the court without a jury unless the petitioner files a demand for jury trial with the petition or the respondent files such a demand with the answer.

    **(c)**    [NO CHANGE]

## RULE 4.431.   TRIAL BY JURY

    **(a)**    **Number of Jurors.**

        (1)    The jury ~~shall~~must be composed of six persons.

(2)    The court may direct that 1 or more jurors be impaneled to sit as alternate jurors in addition to the regular panel. Alternate jurors ~~shall~~<u>must</u> replace jurors who have become unable or disqualified to perform their duties, in the order in which they are called~~,~~ before the jury retires to consider its verdict. Alternate jurors ~~shall~~<u>must</u> be drawn in the same manner, have the same qualifications, be subject to the same examination, take the same oath, and have the same functions, powers, facilities, and privileges as principal jurors. An alternate juror who does not replace a principal juror ~~shall~~<u>must</u> be discharged when the jury retires to consider the verdict.

(3)    If alternate jurors are called, each party ~~shall be~~<u>is</u> entitled to one peremptory challenge in the selection of each alternate juror. Additional peremptory challenges allowed pursuant to this subdivision may be used only against the alternate jurors. ~~The peremptory challenges allowed pursuant to subdivision (d) of this rule shall not be used against the alternate jurors.~~

**(b)    Questionnaire.** ~~The circuit court may require prospective jurors to complete a questionnaire in the form approved by the Supreme Court of Florida to assist in selecting prospective jurors. The questionnaire shall be used after the names of jurors have been selected as provided by law but before certification and the placing of the names of prospective jurors in the jury box.~~

**(~~c~~<u>b</u>)    Examination by Parties.** The parties have the right to examine jurors orally on their voir dire. The order in which the parties may examine each juror ~~shall be~~<u>is</u> determined by the court. The court may ask such questions of the jurors as it deems necessary, but the right of the parties to conduct a reasonable examination of each juror orally ~~shall~~<u>must</u> be preserved.

**(~~d~~<u>c</u>)    Juror List.** Upon request, any party ~~shall~~<u>must</u> be furnished by the clerk of the court with a list containing names and addresses of prospective jurors summoned to try the case together with copies of ~~all~~<u>any</u> jury questionnaires returned by the prospective jurors.

**(e~~d~~)  Challenge to the Panel.** ~~The state or defendant~~Both parties may challenge the panel. A challenge to the panel may be made only on the ground that the prospective jurors were not selected or drawn according to law. Challenges to the panel ~~shall~~must be made and decided before any individual juror is examined, unless otherwise ordered by the court. A challenge to the panel ~~shall~~must be in writing and ~~shall~~must specify the facts constituting the ground of the challenge. Challenges to the panel ~~shall~~must be tried by the court. Upon the trial of a challenge to the panel, the witnesses may be examined on oath by the court and may be so examined by either party. If the challenge to the panel is sustained, the court ~~shall~~must discharge the panel. If the challenge is not sustained, the individual jurors ~~shall~~must be called.

**(f~~e~~)  Oath for Voir Dire.**  The prospective jurors ~~shall~~must be sworn collectively or individually, as the court may decide. The form of oath ~~shall~~must be as follows:

> "Do your solemnly swear (or affirm) that you
> will answer truthfully all questions asked of
> you as prospective jurors, so help you God?"

If any prospective juror affirms, the clause "so help you God" ~~shall~~must be omitted.

**(g~~f~~)  Examination.** The court may then examine each prospective juror individually or may examine the prospective jurors collectively. Counsel for both the state and the ~~defendant~~respondent ~~shall~~ have the right to examine jurors orally on their voir dire. The order in which the parties may examine each juror ~~shall~~must be determined by the court. ~~The right of the parties to conduct an examination of each juror orally shall be preserved.~~

**(h~~g~~)  Prospective Jurors Excused.** If, after the examination of any prospective juror, the court is of the opinion that the juror is not qualified to serve as a trial juror, the court ~~shall~~must excuse the juror from the trial ~~of the cause~~. If, however, the court does not excuse the juror, either party may then challenge the juror, as provided by law or by these rules.

**(i̶h)  Time for Challenge.** ~~The state or defendant~~Both parties may challenge an individual prospective juror before the juror is sworn to try the cause; except that the court may, for good cause, permit a challenge to be made after the juror is sworn, but before any evidence is presented.

**(j̶i)  Exercise of Challenge.** On the motion of any party, all challenges ~~shall~~must be addressed to the court outside the hearing of the jury panel in a manner selected by the court so that the jury panel is not aware of the nature of the challenge, the party making the challenge, or the basis of the court's ruling on the challenge, if for cause.

**(k̶j)  Manner of Challenge.** A challenge to an individual juror may be oral. When a juror is challenged for cause, the ground of the challenge ~~shall~~must be stated.

**(l̶k)  Determination of Challenge for Cause.** The court ~~shall~~must determine the validity of a challenge of an individual juror for cause. In making such determination, the juror challenged and any other material witnesses, produced by the parties, may be examined on oath by either party. The court may consider ~~also~~ any other evidence material to such challenge.

**(m̶l) Number of Challenges.**  Each party ~~shall~~must be allowed three peremptory challenges.

**(n̶m) Alternate Jurors.** If 1 or 2 alternate jurors are called, each party is entitled to 1 peremptory challenge, in addition to those otherwise allowed by law, for each alternate juror so called. The additional peremptory challenge may be used only against the alternate juror and the other peremptory challenges allowed by law ~~shall~~must not be used against the alternate juror.

**(o̶n)  Additional Challenges.** The trial judge may exercise discretion to allow additional peremptory challenges when appropriate.

**(p̶o)  Oath of Trial Jurors.**  The following oath ~~shall~~must be administered to the jurors:

"Do you solemnly swear (or affirm) that you will well and truly try the issues between the State of Florida and the respondent and render a true verdict according to the law and the evidence, so help you God?"

If any juror affirms, the clause "so help you God" ~~shall~~must be omitted.

**(~~q~~p)** **Interview of a Juror.** A party who believes that grounds for legal challenge to a verdict exist may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge. The motion ~~shall~~must be served within 10 days after rendition of the verdict unless good cause is shown for the failure to make the motion within that time. The motion ~~shall~~must state the name and address of each juror to be interviewed and the grounds for challenge that the party believes may exist. After notice and hearing, the trial judge ~~shall~~must enter an order denying the motion or permitting the interview. If the interview is permitted, the court may prescribe the place, manner, conditions, and scope of the interview.

## RULE 4.440.   RULES OF PROCEDURE AND EVIDENCE

(a)   <u>**Applicable Law.**</u> In all commitment proceedings initiated under part V, chapter 394, Florida Statutes and this rule, the following applies:

(1)   The Florida Rules of Civil Procedure<u>, Florida Rules of Evidence,</u> and Florida Rules of <u>General Practice and </u>Judicial Administration apply unless otherwise superseded by these rules.

(2)   ~~The Florida Rules of Evidence apply unless superseded by these rules.~~<u>Habeas corpus proceedings brought under rule 4.460 are governed by Fla. R. Crim. P. 3.850.</u>

(3) - (5)   [NO CHANGE]

**(b)** **Department of Children and Family Services Rules.** No rule adopted by the Department of Children and Family Services pursuant to section 394.930, Florida Statutes, ~~as amended, shall~~ constitutes (1) an evidentiary predicate for the admission of any testimony of physical evidence; (2) a basis for excluding or limiting the presentation of any testimony or physical evidence; or (3) elements of the cause of action the state must allege or prove, in any proceeding initiated under part V, chapter 394 Florida Statutes, and these rules.

**(c)** **Non-compliance with Rules.** The failure of either party to comply with these rules does not constitute a defense in any proceedings initiated under part V, chapter 394, Florida Statutes.

## RULE 4.450.   APPEAL

**(a)** **Rule.** An appeal to review a final judgment ~~shall~~must be pursuant to Fla. ~~Rule~~. App. P. 9.110~~, Florida Rules of Appellate Procedure, as amended~~.

**(b)** **Appeal for an Indigent.** An indigent respondent who requests the appointment of counsel for appeal must file an affidavit to establish entitlement to the appointment. The public defender of the circuit in which the respondent was determined to be a sexually violent predator ~~shall~~must be appointed to represent an indigent respondent on appeal. The public defender may request the public defender who handles criminal appeals to represent a respondent as provided in section 27.51(4), Florida Statutes.

## RULE 4.460.   POST JUDGMENT HABEAS CORPUS

The respondent may file a petition for habeas corpus alleging ineffective assistance of counsel in the county in which the judgment was rendered within two years after the judgment becomes final. All other habeas corpus petitions, including petitions filed pursuant to section 394.9215(1)(a), Florida Statutes, must be

filed in the county where the facility in which the petitioner is confined is located. ~~Habeas corpus proceedings brought under this rule shall be governed by Fla. R. Crim. P. 3.850.~~

## RULE 4.470.   POST COMMITMENT PROCEEDINGS

**(a)    Examination.** A respondent committed after a trial ~~shall be~~is entitled to examination of his or her mental condition at least one time each year. Examinations may be ordered more frequently at the discretion of the court.

**(b)    Expert.** The respondent may retain, or if indigent, the court may appoint, a qualified professional to conduct the examination. The examiner ~~shall~~must be given access to all records concerning the respondent.

**(c)    Court Review.** The report stating the result of any examination conducted pursuant to paragraph (a) or (b) ~~shall~~must be provided to the court for review.

**(d)    Probable Cause Review.** A respondent who receives written notice of the examination, and waives his or her rights to confidentiality of the result, and who petitions the court over the objection of the director of the facility where the respondent is housed, has the right to a hearing limited to determining whether probable cause exists to believe the respondent's condition has so changed, that it is safe for the respondent to be at large, and that the respondent will not engage in acts of sexual violence if discharged. Both ~~the state attorney and the respondent~~parties may present evidence. The respondent has the right to be represented by counsel and the right to be present at the hearing.

**(e)    Non-jury Trial.** If it is determined ~~that~~ there is sufficient probable cause to believe it is safe to release the person, the court ~~shall~~must set the petition for a non-jury trial.

**(f)** **State Experts.** The state ~~attorney shall have~~has the right to have the person examined by professionals chosen by the state prior to the trial.

**(g)** **Burden of Persuasion.** The burden is on the state to prove, by clear and convincing evidence, that it is not safe for the person to be at large and that, if released, the person is likely to engage in acts of sexual violence.

**(h)** **Appeal.** At the conclusion of any trial conducted under this rule, the judge ~~shall~~must enter an appropriate final judgment which ~~shall be~~is appealable pursuant to the applicable Rules of Appellate Procedure.